1  GREGORY J. WOOD (SBN# 200780)
   B. DOUGLAS ROBBINS (SBN# 219413)
2  MAUREEN GREEN (SBN# 112767)
   One Post Street, Suite 800
3  San Francisco, CA 94104
   Telephone: (415) 247-7900
4  Facsimile:  (415) 247-7901
   gwood@woodrobbins.com
5
   Attorneys for Plaintiff
6  PATRICK POLO

7

8                  UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10                   SAN FRANCISCO DIVISION

11

12  PATRICK POLO, an individual,              Case Number: CV 12-04461 JSW

13              Plaintiff,                     **PLAINTIFF'S NOTICE OF
                                               MOTION, MOTION AND
14        vs.                                  MEMORANDUM OF POINTS AND
                                               AUTHORITIES IN SUPPORT OF
15  ELIZABETH SHWIFF, an individual;          MOTION FOR JUDGMENT ON
    SHWIFF, LEVY & POLO, LLP, a California     THE PLEADINGS UNDER FRCP
16  Limited Liability Partnership; THE SHWIFF, 12(C)**
    LEVY & POLO, LLP EMPLOYEE
17  BENEFIT PLAN, an entity pursuant to 29    Judge:  Hon. Jeffrey White
    U.S.C. §1132 (d), and Does 1 through 100,
18  inclusive;                                 Date:   April 12, 2013
                                               Time:   9:00 a.m.
19              Defendant(s).                  Dept.:  Courtroom 11, 19th Floor
                                                       450 Golden Gate Avenue,
20                                                     San Francisco, CA 94102

21
                                               Complaint Filed:  August 24, 2012
22                                             Trial Date:  June 9, 2014

23         PLEASE TAKE NOTICE THAT on April 12, 2013 at 9:00 a.m. or as soon thereafter as

24  counsel can be heard, before the Honorable Jeffrey White, in Courtroom 11 in the United States

25  District Courthouse, 450 Golden Gate Avenue, San Francisco, CA, Plaintiff will move for an

26  order granting the relief set forth below.

27

28                                             i

1
2
3
4
5
6
7

Plaintiff will move, and hereby does move, for Judgment on the Pleadings under FRCP 12(c) granting judgment in favor of Plaintiff on his Fourth Cause of Action (Breach of Contract - Partnership Agreement) and dismissing all of Defendants' affirmative defenses without leave to amend.  This motion is based on this Notice of Motion, Motion and Memorandum of Points and Authorities as well as the accompanying Request for Judicial Notice dated March 7, 2013 and Declaration of Maureen Green dated March 7, 2013.

8

Dated: March 7, 2013                                   WOOD ROBBINS, LLP

9
10
11

By: MAUREEN GREEN
      Attorneys for Plaintiff

12

PATRICK POLO

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PLAINTIFF'S MOTION & MPA PURSUANT TO FRCP 12(C) --12-CV-04461-JSW

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## Table of Contents

SUMMARY OF ARGUMENT & ISSUES PRESENTED .......................................................... vi

FACTUAL BACKGROUND ................................................................................................... 1

   A.  Fourth Cause of Action for Partnership Buyout…………………………………………..1

   B.  Plaintiff's ERISA Causes of Action……………………………………..……………….2

   C.  Defendants' Affirmative Defenses………………………………..……………….2

LEGAL ARGUMENT ........................................................................................................... 3

   A.  Plaintiff Is Entitled to Judgment on the Pleadings on
      His Partnership Buyout Claim under FRCP 12(c)…………………..……………….3

     i.  Four Affirmative Defenses Are Not Affirmative Defenses at All ………….…..…..4

     ii.  All Affirmative Defenses Are Insufficiently Pleaded………………..…..………….4

     iii.  None of the Affirmative Defenses Is Legally Plausible………………..……….6

     iv.  Some Affirmative Defenses Are Negated by Defendants' Admissions……………….7

   B.  Judgment on the Pleadings on All of the Affirmative Defenses
      Is Appropriate Under FRCP 12(c);  In the Alternative, This Court
      Should Strike Defendants' Affirmative Defenses Under FRCP 12(f)(1)……………..……..7

   C.  This Court's Dismissal of the Affirmative Defenses, Whether
      Under FRCP 12(c) or 12(f)(1), Should Be Without Leave to Amend………………..…….8

     i.  Amendment Is Time Barred Under This Court's Scheduling Order…...……………..8

     ii.  A Motion to Modify the Scheduling Order Is Time-Barred…………………..…….…..8

     iii.  In Any Case, A Motion to Modify the Scheduling Order Would Be Futile…………..9

     vi.  Finally, the Motion for Leave to Amend Would Be Futile on the Merits……...…….10

CONCLUSION................................................................................................................. 11

PLAINTIFF'S MOTION & MPA PURSUANT TO FRCP 12(C) --12-CV-04461-JSW

1

## Table of Authorities

2

3

### Cases

4

*Adobe Systems Inc. v. Coffee Cup Partners, Inc.*, 2012 WL 3877783 (N.D. Cal. 2012)………...9

5

*Advanced Cardiovascular Systems, Inc. v. SciMed Life Systems,*
    989 F. Supp. 1237 (N.D. Cal. 1997) ................................................................ 4

6

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................ 4, 6

7

8

*Barnes v. A.T.&T. Pension Benefit Plan-NonBargained Program,*
    718 F.Supp.2d 1167 (N.D. Cal. 2010) .................................... 4,  5, 7, 10

9

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ............................................. 4, 10

10

*Bottoni v. Sallie Mae*, 2011 WL 3678878 (N.D. Cal. 2011) ........................................ 5

11

*Casio v. Nettles*, 2011 WL 3847337 (N.D.N.Y. 2011)……………...……………………10

12

*CTF Development, Inc. v. Penta Hospitality, LLC,* 2009 WL 3517617 (N.D. Cal. 2009)......... 5, 6

13

*Edwards Lifesciences LLP v. Cook Inc*., 2008 WL 913328 (N.D. Cal. 2008) ........................ 10

14

*FDIC v. Van Dellen*, 2012 WL 4815159 (C.D. Cal. 2012) ........................................ 6

15

16

*G & G Closed Circuit Events, LLC v. Nguyen,*
    2010 WL 3749284 (N.D. Cal. 2012) ...................................................... 4, 5

17

*Gabrielson v. Montgomery Ward & Co.*,
    785 F.2d 764 (9th Cir. 1986) .................................................................. 7

18

19

*Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*,
    896 F.2d 1542 (9th Cir. 1989) ................................................................ 3

20

*Heliotrope General, Inc. v. Ford Motor Co*., 189 F.3d 971 (9th Cir. 1999) ........................ 1

21

*Holden v. Hagopian*, 978 F.2d 1115 (9th Cir.1992)............................................... 5

22

*J & J Sports Productions v. Mendoza-Govan,* 2011 WL 1544886 (N.D. Cal. 2011) .................. 5

23

*Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir.1992)……..………………….vi, 9

24

*Lofgren v. City National Mortgage*, 2011 WL 1740112 (S. D. Cal. 2011) ......................... 3

25

*Netflix, Inc. v. Blockbuster, Inc.,* 2006 WL 2458717 (N.D. Cal. 2006) ........................... 6

26

*Noel v. Hall,* 341 F.3d 1148 (9th Cir. 2003)……………………………………………10

27

*Perez v. Gordon & Wong Law Group,* 2012 WL 1029425 (N.D. Cal. 2012) ......................... 4, 5

28

*Powertech Technology Inc. v. Tessera, Inc.,* 2012 WL 1746848 (N.D. Cal. 2012) ...................... 5

*Qwest Communications v. City of Berkeley*, 208 F.R.D 288 (N.D. Cal. 2002) ............................. 3

*Reed v. Amco Insurance Co*., 2012 WL 556265 (D. Nev. 2012) ................................................ 6, 8

*Reyn's Pasta Bella, LLC v. Visa USA, Inc.,* 442 F.3d 741 (9th Cir. 2006) .................................... 1

*Smith v. Simmons*, 2007 WL 2815033 (E.D. Cal. 2007). .......................................................... 1

*Solis v. Zenith Capital*, 2009 WL 1324051 (N.D. Cal. 2009) ....................................................... 4

*U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff,* 768 F.2d 1099 (9th Cir. 1985)…...........9

*Wyshak v. City National Bank*, 607 F.2d 824 (9th Cir. 1979) ....................................................... 4

### Codes

California Code of Civil Procedure Sec. 426.10(c)……………………………………..….10

California Code of Civil Procedure Sec. 426.30(a)……………………………………...10

### Rules

FRCP 9(b) .............................................................................................................................. 6

FRCP 9(c) .............................................................................................................................. 6

FRCP 12(c) ................................................................................................ vi, 3, 7, 8, 11

FRCP 12(f)(1) ........................................................................................... vi, 7, 8, 11

FRCP 13(a)(1)……………………………………………………………………10

### Treatises

William W. Schwarzer et al., *Federal Civil Procedure Before Trial*, §§ 9:321, 9:328 ................. 3

PLAINTIFF'S MOTION & MPA PURSUANT TO FRCP 12(C) --12-CV-04461-JSW

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>SUMMARY OF ARGUMENT & ISSUES PRESENTED</u>

Plaintiff Patrick Polo ("Polo") withdrew from Defendant Shwiff, Levy & Polo, LLP ("SLP"), an accounting firm, at the end of 2011.  He has alleged his withdrawal was not taken well by his former partner Defendant Elizabeth Shwiff ("Shwiff").  This is the third lawsuit that has resulted.  Two of those suits have been dismissed and all that remains are Plaintiff's straightforward claims here for payment for his partnership interest and his 401(k) contributions for his last year, and for receipt of related 401(k) plan documents.

In their Answer, Defendants admitted Plaintiff's prima facia case for payment for his partnership interest, denied the 401(k) claims without explanation and raised a smokescreen of thirty-three affirmative defenses, asserted without legal basis or factual support.  In the Joint Case Management Statement, Plaintiff pointed out the inadequacy of the pleading of those affirmative defenses and Defendants represented they would file an amended answer and seek leave to file a counterclaim.  The deadline that the Court imposed for them do so, and the deadline to request modification of that deadline, have passed with no word from Defendants.

The issues presented herein are:

1.  Whether Plaintiff is entitled to judgment on the pleadings under FRCP 12(c) on his Fourth Cause of Action for payment for his partnership interest on the basis that Defendants have admitted its prima facie elements and have failed to assert any affirmative defenses that are material, pertinent, or sufficiently pleaded under the *Twombly/Iqbal* standard.

2.  Whether Plaintiff is entitled Judgment on the Pleadings under FRCP 12(c) on all of Defendants' affirmative defenses on the basis that they are immaterial, impertinent and fail to meet the *Twombly/Iqal* standard, or, alternatively, the Court should strike them all under FRCP 12(f)(1) on such basis.

3.  Whether the Court's ruling should be without leave to amend, on the basis, inter alia, that a motion to amend would be futile, as Defendants have allowed their deadline to amend their pleading, and to request modification of the deadline, to pass without taking any action.  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir.1992).

PLAINTIFF'S MOTION & MPA PURSUANT TO FRCP 12(C) --12-CV-04461-JSW

**FACTUAL BACKGROUND**

**A.  Fourth Cause of Action for Partnership Buyout.**

Polo and Shwiff were partners in SLP for approximately 13 years.  Complaint (ECF 1) ("Compl.") ¶¶ 3, 10; Answer (ECF 3) ("Answ.") ¶¶ 3, 10.  They agreed, in advance, what would happen in the event a partner decided to withdraw.  Their partnership agreement (the "SLP Agreement") provides that the remaining partners could buyout a withdrawing partner's interest for its fair market value.  Compl. ¶¶ 36, 37, Ex. A; [1]  Answ. ¶ 36, 37.  It also provides that the fair market value would be the average of two appraisals obtained from third party appraisers. ("Agreed Price").  *Id.*

Polo withdrew from SLP on December 31, 2011.  Compl. ¶ 10; Answ. 10. [2]  It was alleged in other resulting litigation that Shwiff did not take well to Polo's withdrawal and disparaged him in public and to clients.  Request for Judicial Notice dated March 7, 2013 ("RJN") Exs. A & E.[3]  A lawsuit was filed in state court by Polo's new employer, which alleged tort claims.  *Id.*  Next, although Shwiff elected to purchase Polo's partnership interest and two appraisals were obtained, she refused to pay Polo any of the Agreed Price.  Compl. ¶ 38; Answ. ¶ 38.  Subsequently, Polo also brought a state court action, which alleged the tort claims as well as those asserted here.  RJN Ex. E.  The other suits have been since been dismissed with prejudice as to all claims, except those raised here.   RJN Exs. C, H.  This action, based only on Polo's claim for buyout of his partnership interest and his 401(k) contributions, is all that remains.

The core facts are not in dispute.  Defendants admit Polo withdrew from SLP at the end of 2011, that Shwiff exercised the option to purchase Polo's approximately 12% partnership

---

[1] The Court may consider all attachments to a complaint on a motion for judgment on the pleadings.  FRCP 10(c);  *Smith v. Simmons*, 2007 WL 2815033 at 3 (E.D. Cal. Sept. 25, 2007).
[2] Defendants do deny information and belief sufficient to admit or deny the term "noticing," Answ. ¶ 10, but do not otherwise seem to dispute Plaintiff's withdrawal at the end of 2011.
[3] On a motion for judgment on the pleadings, the court may consider facts contained in materials of which the court can take judicial notice.  *Heliotrope General, Inc. v. Ford Motor Co*., 189 F.3d 971, fn. 18 (9th Cir. 1999). Such materials include court filings in another action. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, fn. 6 (9th Cir. 2006) (*upholding Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 259 F. Supp.2d 992 (N.D. Cal. 2003) (White, J.))

PLAINTIFF'S MOTION & MPA PURSUANT TO FRCP 12(C) --12-CV-04461-JSW

1   interest, that two appraisals were obtained, and that the Agreed Price was set at $133,350.

2   Compl. ¶¶ 10, 37, 38, Ex. A ¶ 3.01; Answ. ¶¶ 10, 37, 38.  The SLP Agreement provides the

3   Agreed Price of $133,350 was to be paid in installments, with half due upon the exercise of the

4   option to buy and the remainder due within, at most, a year.  Compl. ¶¶ 36 - 38, Ex. A ¶ 5.10;

5   Answ. ¶¶ 36 - 38.  Defendants admit that they have not paid any of the Agreed Price to Polo.

6   Compl. ¶ 38; Answ. ¶ 38.  They also admit that SLP has not dissolved, but continues without

7   Polo.  Compl. ¶ 3; Answ. ¶ 3.  It is upon this basis that Polo seeks judgment on his Fourth Cause

8   of Action for buyout of his partnership interest for the Agreed Price of $133,350.[4]  Compl. ¶ 42.

9

10      **B. Plaintiff's ERISA Causes of Action.**

11      Polo also alleges that the partners in SLP agreed that, as part of Polo's compensation for

12  2011, SLP would pay into Defendant the SLP Employee Benefit Plan (the "SLP Benefit Plan")

13  the amount of $30,274, representing Plaintiff's individual and SLP's matching 401(k)

14  contributions for the year.  Compl. ¶¶ 11 -34.  Polo alleges that the deadline for payment of

15  contributions has passed and his contributions have not been made.  Compl. ¶¶ 17-18.  Polo also

16  seeks statutory damages for Defendants' refusal to provide him the plan documents required by

17  law, which he requested over seven months ago.  Compl. ¶¶ 24-26.  Defendants deny most of

18  Polo's allegations regarding his claim for his ERISA contributions and that he requested the

19  documents.  *See* Answ. ¶¶ 11-34.

20      **C. Defendants' Affirmative Defenses.**

21      Defendants assert a list of thirty-three affirmative defenses.[5]  However, as they allege

22  _____

23  [4] Plaintiff also seeks the interest and attorney's fees provided for under the terms of the SLP
    Agreement.  Compl. Ex. A at ¶¶ 5.10 and 7.03.

24  [5] These are: 1st - fails to state facts sufficient for cause of action; 2nd - statute of limitations; 3rd -
    estoppel; 4th - laches; 5th - unclean hands;  6th - unjust enrichment; 7th - lack of standing; 8th -

25  plaintiff's negligence/apportionment of fault; 9th - others responsible for damages/apportionment
    of fault; 10th - others responsible/superseding cause; 11th - others responsible/comparative fault;

26  12th -  compliance with applicable regulations, etc.; 13th - contractual bar; 14th - improper
    notice; 15th - lack of meeting of the minds; 16th - failure of consideration; 17th - parole evidence

27  rule; 18th - failure to meet contractual obligations; 19th - statute of frauds; 20th - waiver; 21st -

28

PLAINTIFF'S MOTION & MPA PURSUANT TO FRCP 12(C) --12-CV-04461-JSW

1   absolutely no factual background for them, there is none to recite here.  Moreover, as set forth

2   below, there are no relevant plausible facts that Defendants can allege in light of the elements of

3   the causes of action at issue and Defendants' admissions.  Quite possibly this is in part because

4   Defendants simply copy-pasted the same list that Shwiff and SLP asserted in their answer to

5   Polo's prior state court complaint, which contained tort claims.  *See* RJN Ex. G.[6]

6

7                              **LEGAL ARGUMENT**

8       **A.  Plaintiff Is Entitled to Judgment on the Pleadings on His Partnership Buyout Claim
        Under FRCP 12(c).**

9          Under FRCP 12(c), where there are no factual issues regarding any element of a

10  plaintiff's prima facia case, the plaintiff is entitled to judgment on the pleadings unless the

11  defendant raises a valid affirmative defense.  *Qwest Communications Corp. v. City of Berkeley*,

12  208 F.R.D. 288, 291 (N.D. Cal. 2002); William W. Schwarzer et al., *Federal Civil Procedure*

13  *Before Trial,* §§ 9:321, 9:328 (plaintiff may move for judgment on pleadings if answer fails to

14  controvert material facts alleged in complaint and any defenses raised are legally insufficient).

15  Judgment on the pleadings is proper when the moving party clearly establishes on the face of the

16  pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment

17  as a matter of law.  *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550

18  (9th Cir. 1989).

19         Polo's Fourth Cause of Action is for breach of contract and, thus, he must allege those

20  elements.  *Lofgren v. National City Mortgage*, 2011 WL 1740112 at 2 (S. D. Cal. May 5, 2011)

21  (to state a claim for breach of contract, plaintiff must plead existence of contract, plaintiff's

22  performance or excuse, defendant's breach and damage to plaintiff).  Accordingly, Polo alleges

23

24  adequate remedy at law; 22nd - mootness; 23rd - failure to mitigate damages; 24th - excuse; 25th
    - consent; 26th - justification and privilege; 27th - failure of conditions precedent; 28th - no
25  claim for costs, attorney's fees, etc.; 29th - no claim for punitive damages; 30th -
    unconscionability; 31st - anticipatory breach of a contract; 32nd - reservation of additional
26  affirmative defenses; and 33rd  - failure to exhaust administrative remedies.
    [6] The list is also similar to the list asserted by Shwiff and SLP in the state court action brought by
27  Polo's new firm, although that list includes *107* affirmative defenses.  RJN Ex. B.

28

PLAINTIFF'S MOTION & MPA PURSUANT TO FRCP 12(C) --12-CV-04461-JSW

1   that there was a partnership agreement, that it provided that remaining partners could buy his

2   partnership interest on his withdrawal at a price equal to the average of two appraisals, that he

3   withdrew, that Shwiff elected to buy him out, that the two appraisals were obtained, and that he

4   has not been paid.

5        Defendants have admitted these facts because they are true.  The only reason to deny

6   Polo judgment on the pleadings, then, is if Defendants have raised a valid affirmative defense.

7   They have not.

### i.     Four Affirmative Defenses Are Not Affirmative Defenses at All.

10       Four of the supposed affirmative defenses are not affirmative defenses at all:

11  failure to state a claim (1st),  *see Barnes v. A.T.&T. Pension Benefit Plan-NonBargained*

12  *Program,* 718 F.Supp.2d 1167, 1174 (N.D. Cal. 2010);[7] standing (7th), *Perez v. Gordon & Wong*

13  *Law Group, P.C.,* 2012 WL 1029425 at 11 (N.D. Cal. Mar. 26, 2012);[8] no entitlement to costs,

14  etc. (28th), *see Barnes*, 718 F.Supp.2d at 1174;[9] and reservation of right to assert additional

15  affirmative defenses (32).  *See Solis v. Zenith Capital, LLC,* 2009 WL 1324051 at 7 (N.D. Cal.

16  May 8, 2009); *G & G Closed Circuit Events, LLC v. Nguyen,* 2010 WL 3749284 at 5 (N.D. Cal.

17  Sept. 23, 2012).

### ii.    All Affirmative Defenses Are Insufficiently Pleaded.

19       To be sufficient under FRCP 8(c), an affirmative defense must be pleaded with a factual

20  basis that makes it plausible.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

21  (claims unsupported by factual basis sufficient to make them plausible are subject to dismissal);

22  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("a pleading that offers 'labels and conclusions' or a

23  'formulaic recitation of the elements of a cause of action will not do'"); *Wyshak v. City National*

---

[7] This defense is also impertinent as Defendants admit Plaintiff's prima facia case. *See Advanced Cardiovascular Systems, Inc. v. SciMed Life Systems,* 989 F. Supp. 1237, 1249 (N.D. Cal. 1997).
[8] This affirmative defense is also legally and factually implausible on its face.
[9] The SLP Agreement specifically provides for interest and attorney's fees.  Compl. Ex. A ¶¶ 5.10 & 7.03.

PLAINTIFF'S MOTION & MPA PURSUANT TO FRCP 12(C) --12-CV-04461-JSW

1    *Bank*, 607 F.2d 824, 827 (9th Cir. 1979) (defense is insufficiently pleaded if it fails to give the

2    plaintiff fair notice of its nature); *Powertech Technology, Inc. v. Tessera*, *Inc.,* 2012 WL

3    1746848 at 4 (N.D. Cal. May 16, 2012) (judges in Northern District of California who have

4    decided the issue have uniformly found that the *Twombly/Iqbal* standard applies to affirmative

5    defenses).

6          Defendants' Answer does not contain a single relevant allegation of fact in contradiction

7    of Plaintiff's partnership buyout claim.  It does dance around the allegation that the SLP

8    Agreement is valid and enforceable, by alleging its enforceability is "a legal conclusion" and by

9    denying Defendants had "a legal obligation" to pay Polo for his partnership interest.  Answ. ¶¶

10   38, 39.  These bare legal assertions need not be taken as true on this motion.  *See Holden v.*

11   *Hagopian*, 978 F.2d 1115, 1121 (9th Cir. 1992).  They are particularly implausible since

12   Defendants specifically admit the SLP Agreement elsewhere in their Answer.  Answ ¶ 36.

13          The Answer's affirmative defenses are nothing more than labels and conclusions that fail

14   the *Twombly/Iqbar* standard.  For example, Defendants' "Fifth Affirmative Defense" states, in

15   total:  "(Unclean Hands) Plaintiff's Complaint and each and every cause of action therein is

16   barred by the doctrine of unclean hands." Answ. p. 6.  The court struck as inadequate a virtually

17   identical statement of an affirmative defense in *CTF Development, Inc. v. Penta Hospitality,*

18   *LLC,* 2009 WL 3517617 at 7 (N.D.Cal. Oct. 26, 2009) ("Affirmative Defense No. 5: All or some

19   of CTF's claims are barred under the doctrine of unclean hands.").  *See also J & J Sports*

20   *Productions, Inc. v. Mendoza-Govan,* 2011 WL 1544886 (N.D. Cal. April 25, 2011) (affirmative

21   defenses which merely state doctrines or which fail to allege underlying facts are insufficient);

22   *Barnes,* 718 F.Supp.2d at 1171-73 (lists of conclusory statements asserting existence of

23   affirmative defenses without stating facts why they exist not sufficient)*; G & G Closed Circuit,*

24   2010 WL 3749284 at 2-3 ("superseding cause" affirmative defense not alleging cause was

25   insufficient, as were affirmative defenses simply naming particular doctrines); *Bottoni v. Sallie*

26   *Mae*, *Inc.,* 2011 WL 3678878 at 1-3 (N.D. Cal. Aug. 22, 2011) (mere allegation of "estoppel,"

27   "waiver" and "unclean hands" insufficient).

28

PLAINTIFF'S MOTION & MPA PURSUANT TO FRCP 12(C) --12-CV-04461-JSW

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

In addition, the affirmative defense of failure of a condition precedent (27th) fails to meet the pleading particularity required under FRCP 9(c) ("when denying that a condition precedent has occurred or been performed, a party must do so with particularity."). Any of the affirmative defenses which may be based on fraud, bad faith, or mistake[10] are similarly insufficiently pleaded under FRCP 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake"). *Cf. Netflix, Inc. v. Blockbuster, Inc.,* 2006 WL 2458717 at 8-9 (N.D. Cal. Aug. 22, 2006) (inequitable conduct affirmative defense must meet pleading requirement of FRCP 9(b)).

### iii.    None of the Affirmative Defenses Is Legally Plausible.

As no factual basis is alleged for them, the court need not even reach the question of whether the affirmative defenses might be legally plausible.[11] However, it is apparent none of them is a legally plausible defense to Polo's partnership buyout claim.

Twelve of the affirmative defenses are patently immaterial and impertinent.  Plaintiff's partnership buyout claim is for a specific dollar value due under the express terms of an contract. Therefore, the following affirmative defenses are inapplicable: unclean hands (5th) applies only to equitable claims, *see, e.g., Reed v. Amco Insurance Co*., 2012 WL 556265 at 2 (D. Nev. Feb. 21, 2012);  negligence, apportionment of fault, superseding cause, and comparative fault (8th, 9th, 10th and 11th) apply only to tort claims, *see, e.g*., *FDIC v. Van Dellen*, 2012 WL 4815159 at 10 (C.D. Cal. Oct. 5, 2012); *Perez,* 2012 WL 1029425 at 11; compliance with law (12th) does not apply to breach of contract (or failure to provide ERISA plan documents); adequate remedy at law (21st) does not apply to a claim for a remedy at law; mootness (22nd) is asserted only against equitable relief; Answ. p. 9; failure to mitigate (23rd) does not apply since Polo could not

---

[10] These may include unclean hands (5th), torts of others (8, 9, 10 and 11), unconscionability (30th), lack of meeting of the minds (15th), failure of consideration (16th), and excuse (24th).

[11] *Iqbal*, 556 U.S. at 679 (where pleading does not allege sufficient factual basis, court need not consider plausibility of legal theory); *see also CTF Development, 2009 WL 3517617* at 7 (it is neither court's nor plaintiff's responsibility to interpret what defendant may have meant by vague affirmative defenses.).

PLAINTIFF'S MOTION & MPA PURSUANT TO FRCP 12(C) --12-CV-04461-JSW

1  sell his partnership interest to someone else, Compl. Ex. A ¶ 4.09 (or contribute to another

2  employer's retirement plan, *id.* at ¶ 4.01); justification and privilege (26th) are inapplicable to

3  contract (or ERISA violation claims); no right to punitive damages (29th) does not apply since

4  the claim does not seek punitive damages; and failure to exhaust administrative remedies (33rd)

5  does not apply since there is no applicable administrative remedy.

6

7  **iv.   Some Affirmative Defenses Are Negated by Defendants' Admissions.**

8  The remaining affirmative defenses are insufficiently alleged because Defendants have

9  already admitted facts that negate them.  *Cf. Gabrielson v. Montgomery Ward & Co.,* 785 F.2d

10  764 (9th Cir. 1986) (leave to amend complaint denied as futile where uncontested facts showed

11  no valid claim.)  As set forth above, Defendants' Answer admits the SLP Agreement, Polo's

12  withdrawal, Shwiff's election to buy his interest, the appraisal of his partnership interest at

13  $133,350 and Defendants' failure to pay him, all within a year prior to the start of this action.

14  Therefore, Defendants can plead no factual basis regarding statute of limitations (2nd), estoppel

15  (3rd), laches (4th), unjust enrichment (6th), contract bar (13th), lack of notice (14th), meeting of

16  the minds (15th), consideration (16th), parole evidence rule (17th), failure of contractual

17  obligation (18th), statute of frauds (19th), waiver (20th), excuse (24th), consent (25th), failure of

18  condition precedent (27th), unconscionability (30th), and anticipatory breach of contract (31st).

19  **B.  Judgment on the Pleadings on All of the Affirmative Defenses Is Appropriate Under
20  FRCP 12(c);  In the Alternative, This Court Should Strike Defendants' Affirmative
    Defenses Under FRCP 12(f)(1).**

21  Polo is entitled to judgment on the pleadings under FRCP 12(c) on all Defendants'

22  affirmative defenses as to all of his causes of action, not just the Fourth.  Alternatively, this Court

23  should strike the affirmative defenses under FRCP 12(f)(1).  The legal standard is essentially the

24  same under either rule.  FRCP 12(f) allows the striking of affirmative defenses that are

25  insufficient, immaterial or impertinent, while FRCP 12(c) allows judgment on the pleadings on

26  those that are not supported with sufficient facts or not pertinent to the causes of action in the

27  complaint. *Compare Barnes*, 718 F.Supp.2d 1167 (granting motion to strike affirmative defenses

28

1   under FRCP 12(f)  as insufficiently pleaded or impertinent) *with Reed*, 2012 WL 556265

2   (granting judgment dismissing affirmative defenses under FRCP 12(c) on same basis).

3          As discussed above, the affirmative defenses are either not true affirmative defenses,

4   *supra p. 4,* not sufficiently pleaded, *supra p. 4-6,* not relevant to Polo's contract or ERISA-based

5   claims, *supra p. 6-7,* or negated by Defendants' admissions, *supra p. 7.*  Polo incorporates and

6   repeats that discussion here.

### C. This Court's Dismissal of the Affirmative Defenses, Whether Under FRCP 12(c) or 12(f)(1), Should Be Without Leave to Amend.

9          Whether this Court strikes Defendants' affirmative defenses on its own or grants

10  Plaintiff's motion for judgment on the pleadings dismissing them, the result should be without

11  leave to amend.

### i.  Amendment Is Time Barred Under This Court's Scheduling Order.

13         The deficiencies in Defendants' pleading were pointed out by Plaintiff in the Joint Case

14  Management Statement (EFC 21) filed on January 11, 2013.  Declaration of Maureen Green,

15  dated March 7, 2013 at ¶ 3.   The Defendants responded that they intended to file an amended

16  answer and that "the issues once being defined, can be narrowed."  *Id.*  At the Case Management

17  Conference, this Court set February 22, 2013 as the deadline for Defendants to make a motion

18  for leave to file their amended pleading or to do so with Plaintiff's stipulation.  *See* Minute Order

19  (ECF 24); Green Decl. at ¶ 4.  Defendants have neither filed such a motion nor requested

20  Plaintiff's stipulation.  Green Decl. at ¶ 5.

### ii.  A Motion to Modify the Scheduling Order Is Time-Barred.

23         It is too late for Defendants to request that their deadline to file an amended answer be

24  modified.  This Court's Scheduling Orders (ECF 26 & 27) state: "If the modification sought is an

25  extension of a deadline contained herein, the motion must be brought <u>before</u> expiration of that

PLAINTIFF'S MOTION & MPA PURSUANT TO FRCP 12(C) --12-CV-04461-JSW

deadline." *See also* Green Decl. at ¶ 7.  Defendants obviously did not bring a motion to modify the February 22, 2013 deadline before it passed.  *Id.*

### iii.  In Any Case, A Motion to Modify the Scheduling Order Would Be Futile.

This Court's rule that a request to modify a deadline in the Scheduling Order must be made in advance is in accordance with the law that a request to an amend such a deadline turns on the diligence of the party seeking the amendment.  The Ninth Circuit has stated that, on a motion to modify a Scheduling Order, "the focus of the inquiry is upon the moving party's reasons for seeking modification . . .  If that party was not diligent, the inquiry should end." *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir.1992) (citations omitted). Similarly, a district court may deny as untimely a motion filed after a cut-off date in a pretrial order.  *U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff,* 768 F.2d 1099, 1103-04 (9th Cir.1985), *superseded by statute on other grounds, Simpson v. Lear Astronics Corp.,* 77 F.3d 1170 (9th Cir.1996).

A motion by Defendants to amend the Scheduling Order would be futile even if it were timely because they cannot show any amount of diligence.  Litigation over Plaintiff's withdrawal from SLP began over a year ago and this action was filed seven months ago.  RJN Ex. A. Defendants represented this Court that they were aware of the need to amend their answer in January, obtained leave until February 22, 2013 to amend it, and did nothing.  Green Decl. at ¶¶ 3 -7.  They have not since contacted Plaintiff's counsel regarding scheduling any discovery, nor have they served any.  *Id.* at ¶ 6.  Therefore, they cannot show good cause to modify the deadline that they, themselves, requested and then ignored.  *See Adobe Systems Inc. v. Coffee Cup Partners, Inc.*, 2012 WL 3877783 at 6-7 (N.D. Cal. Sep. 6, 2012) (leave to amend answer and

assert counterclaim after scheduling order deadline denied since defendant had been aware of possible counterclaim and let deadline pass).

### iv.  Finally, the Motion for Leave to Amend Would Be Futile on the Merits.

As stated by this Court previously, the factors that should be considered in determining whether to grant leave to amend are futility, undue delay, bad faith and prejudice to the opposing party. *Edwards Lifesciences LLC v. Cook Inc*., 2008 WL 913328 at 2 (N.D. Cal. April 2, 2008) (White, J.). Applying these factors cuts against leave to amend here.

First, as discussed above, Defendants cannot amend their Answer to cure the defects in their affirmative defenses, particularly as to Plaintiff's partnership interest claim, because they are not legally plausible.[12]  Second, their undue delay is evident.  Third, their lack of a good faith is also evident.  Their laundry list of affirmative defenses (*exactly* the same list they asserted in a prior lawsuit alleging tort claims, RJN Ex. G) absurdly contains tort affirmative defenses as well as such obviously inapplicable defenses as statute of limitations (2nd) and laches (4th) (the claim was filed with a year of the breach), standing (7th) (Polo is admitted to be a withdrawn partner and participant in the SLP Benefit Plan), and mootness (22nd) (it is admitted that he has not been paid).  *Cf. Edwards Lifesciences*, 2008 WL9 13328 at 4 (bad faith in requesting leave to amend to present new theories of liability can be inferred from baselessness of claims).

Fourth, prejudice exists when allowing a legally unsustainable affirmative defense to survive would require a plaintiff to conduct expensive and potentially unnecessary and irrelevant discovery.  *Barnes*, 718 F. Supp.2d at 1173.  That potential prejudice is particularly relevant

---

[12]  Defendants have also represented they would amend their answer to assert a counterclaim. Any counterclaim is likely to be barred, as Defendants have filed two other answers in litigation relating this dispute, besides their Answer here, and have failed to assert a counterclaim in any of them.  *See* RJN Exs B, G. Any counterclaim is likely to have been compulsory. FRCP 13(a)(1); Cal.Code.Civ.Pro. Secs. 426.10(c), 426.30(a).  As the prior actions were dismissed with prejudice, RJN Exs. C, H, Defendants' unasserted compulsory counterclaims would have been barred and their attempt to assert them here futile.  *Cf. Noel v. Hall,* 341 F.3d 1148 (9th Cir. 2003); *Casio v. Nettles*, 2011 WL 3847337 (N.D.N.Y. Aug. 30, 2011).

PLAINTIFF'S MOTION & MPA PURSUANT TO FRCP 12(C) --12-CV-04461-JSW

1   here.  Rather than having been paid within year, as the SLP Agreement clearly provides, Compl.

2   ¶ 37, Ex. A ¶ 5.10; Answ. 37, Polo has instead had to bring multiple lawsuits and now faces

3   discovery on a barrage of conclusory, unsupported, patently immaterial, and in some cases

4   absurd, affirmative defenses.  It would be prejudicial to allow Defendants to delay this process

5   any longer and to require Polo to conduct discovery by fishing in the dark amongst Defendants'

6   promised 300,000 pages of documents[13] for any glimmer of support for these deliberately

7   obscure affirmative defenses.

8

9                               **CONCLUSION**

10          For all of the reasons set forth above, Polo requests that this Court grant his motion for

11   Judgment on the Pleadings under FRCP 12(c) on his partnership buyout claim (Fourth Cause of

12   Action) and dismissing all of Defendants affirmative defenses without leave to amend under

13   FRCP 12(c) or, in the alternative, strike the affirmative defenses with prejudice under FRCP

14   12(f)(1).

15   Dated: March 7, 2013                      WOOD ROBBINS, LLP

16

17                                             _____

18                                             By: MAUREEN GREEN
                                                  Attorneys for Plaintiff
19                                                PATRICK POLO

20

21

22

23

24

25

26   _____

27   [13] *See* Defendants' Statement Part B, Supplemental Joint Case Management Statement (ECF 23);
     Green Decl. Ex. C.

28                                             11

     PLAINTIFF'S MOTION & MPA PURSUANT TO FRCP 12(C) --12-CV-04461-JSW