IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK POLO, | |
| Plaintiff, | No. C 12-04461 JSW |
| v. | **NOTICE OF QUESTIONS FOR HEARING** |
| ELIZABETH SHWIFF, et al., | |
| Defendants. | |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON APRIL 19, 2013, AT 9:00 A.M.:

The Court has reviewed the parties' memoranda of points and authorities and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on legal authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, with pin cites and without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority. The Court suggests that associates or of counsel attorneys who are working on this case be permitted to address some or all of the Court's questions contained herein.

1. The Court has considered the interplay of Paragraphs 5.08 and 5.09 of the Partnership Agreement and the argument raised by Ms. Shwiff and Shwiff, Levy & Polo, LLP (collectively "Defendants") that Mr. Polo failed to comply with Paragraph 5.09 when he obtained his appraisal of his partnership interest. It appears to the Court, however, that the language of Paragraph 5.08 provides that if a selling partner objects to the buying partner's appraisal, the selling partner is entitled to obtain a second appraisal. Paragraph 5.08 does not, however, contain a provision that permits the buying partners to object to the selling partner's appraisal. Rather, it appears to the Court that Paragraph 5.08 unambiguously provides that the "fair market value," and therefore the purchase price "shall" be the average of the two appraisals.

    a. What is Defendants' best argument that by admitting to the fact that each side obtained an appraisal and to the amounts of the appraisal, they have not admitted to facts that show Mr. Polo complied with all conditions precedent?

2. Defendants generally deny the allegation that they "failed to make any payments," on the basis that this allegation "suggests that Defendants had a legal obligation to make such payments which they did not in fact have under the circumstances." (Answer ¶ 38.) Defendants also generally deny that their failure to pay Mr. Polo amounts to a breach of the agreement. (*Id.* ¶ 41.)

    a. The Court recognizes that Defendants take the position that they were not legally obligated to pay Mr. Polo. However, have Defendants paid Mr. Polo for his partnership interest?

    b. Do Defendants have any authority to support a finding that the general denials set forth in paragraphs 38 and 41, which do not contain facts, are sufficient to raise a question of fact as to whether they breached the Partnership Agreement?

      c.    If the Court were to conclude that Mr. Polo has shown that he has established each of the elements of his breach of contract claim, on which of the thirty-three affirmative defenses would Defendants rely to overcome liability?

3. This Court has declined to apply the standards of *Twombly* and *Iqbal* to affirmative defenses. What is Mr. Polo's best argument that the Court should revisit its position on this issue?

4. Defendants seek leave to amend their answer if the Court finds any of their denials or affirmative defenses unclear or insufficient. In light of the fact that the Court set a deadline for filing amended pleadings in this case, what is Defendants' best argument that they have shown good cause under Federal Rule of Civil Procedure 16?

5. Would the parties be amenable to the Court reserving ruling on this motion pending completion of the ADR Process?

**IT IS SO ORDERED.**

Dated: April 17, 2013

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE