**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK POLO, | No. C 12-04461 JSW |
| Plaintiff, | **ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS; STRIKING AFFIRMATIVE DEFENSES; GRANTING LEAVE TO AMEND; AND ORDER TO DEFENDANTS TO SHOW CAUSE** |
| v. | |
| ELIZABETH SHWIFF, et al., | |
| Defendants. | |

**INTRODUCTION**

This matter comes before the Court upon consideration of the motion for judgment on the pleadings filed by Plaintiff, Patrick Polo ("Mr. Polo"). The Court has considered the parties' papers, relevant legal authority, the record in this case, and it has had the benefit of oral argument. The Court HEREBY GRANTS, IN PART, Mr. Polo's motion, STRIKES the affirmative defenses, and GRANTS Defendants leave to amend their answer.

**BACKGROUND**

On August 24, 2012, Mr. Polo filed a complaint against Shwiff, Levy & Polo, LLP ("SLP"), Elizabeth Shwiff ("Ms. Shwiff"), and the Shwiff, Levy & Polo LLP Employee Benefit Plan. In his Complaint, Mr. Polo asserts three causes of action. At issue in this motion are his claim for breach of contract and each of the affirmative defenses asserted by Defendants in their Answer.

Mr. Polo is a former partner in SLP and was a party to a partnership agreement, dated August 24, 2000, between Mr. Polo, Ms. Shwiff and Howard Shwiff. (Compl. ¶ 10, Ex. A

("Partnership Agreement").) On December 1, 2011, Mr. Polo notified SLP and Ms. Shwiff that he intended to withdraw from SLP. Pursuant to the terms of the Partnership Agreement, "[o]n dissolution of a Partnership interest," including dissolution by withdrawal, "the remaining Partners shall have an option to purchase from the withdrawing ... Partner ... his or her interest in the assets and good will of the Partnership business ... by paying to that Partner ... the 'fair market value' of the available interest, determined as provided in Paragraph 5.08." (Compl. ¶ 37; Partnership Agreement ¶ 5.07.) Ms. Shwiff elected to purchase Mr. Polo's partnership interest. (Compl. ¶ 37.)

The "'fair market value' of a Partnership interest shall be an amount reasonably agreed to by the purchasing and selling parties." (Partnership Agreement ¶ 5.08.)

> If such purchasing and selling parties cannot agree to such fair market value within thirty-five (35) days after the notice of ... withdrawal ... the "fair market value" of a Partnership interest *shall* be established as follows: The Partners other than a ... withdrawing Partner shall obtain from an independent qualified business appraiser, ... an appraisal as to the fair market value of such ... withdrawing Partner's interest. ... Any Partner who receives a copy of such appraisal may object in writing to the Partners who obtained the appraisal regarding the valuation of the appraisal within ten (10) days after receiving such appraisal. ... If the Partner who has received the appraisal does object within such (10) day period, the objecting Partner shall .... obtain a second appraisal from an independent business appraiser regarding the fair market value of the ... withdrawing Partner's interest. The objecting Partner shall submit such second appraisal to the Partners who obtained the first appraisal ... *and the fair market value of the ... withdrawing Partner's interest with respect to the objecting Partner shall be the average of the two appraisals.*

(*Id.* ¶ 5.08 (emphasis added); *see also* ¶¶ 5.09 (setting forth items appraisers "shall" value to determine fair market value of a partnership interest), 5.10 (setting forth timing and manner of purchase price).)

> Ms. Shwiff secured an appraisal by a company called WJG, which valued Mr. Polo's partnership interest at $83,000. Mr. Polo obtained an appraisal by Centerpoint Business Valuation, LLC, which valued his interest at $183,700. The average of the two appraisals is $133,350. Accordingly, Mr. Polo demanded Ms. Shwiff pay to him $66,675 now with the remaining $66,675 to be paid over one-year's time. Ms. Shwiff has failed to make any payments.

(Compl., ¶ 38.)

2

Ms. Shwiff and SLP admit that Mr. Polo and Mr. Shwiff entered into the Partnership Agreement attached to the Complaint. (Answer ¶ 36.) SLP and Ms. Shwiff also admit that Ms. Shwiff elected to purchase Mr. Polo's interest at fair market value, that the Partnership Agreement provides that fair market value is calculated by taking the average of two appraisals, and that payment is to be made half up-front and the second half to be paid over a one year period. (*Id.* ¶ 37.)

> Answering the allegations contained in paragraph 38 of the Complaint, Defendants admit the allegations in this paragraph. However, Defendants deny the allegation that they "failed to may any payments," as this suggests that Defendants had a legal obligation to make such payments which they did not in fact have under the circumstances.

(*Id.* ¶ 38.) Ms. Shwiff and SLP generally denied Polo's allegation that he "performed all of his obligations under the Partnership Agreement," and that "Ms. Shwiff's failure to pay the amount demanded constitutes a breach of the Partnership Agreement." (*Id.* ¶¶ 40-41.)

Ms. Shwiff, SLP and the SLP Plan (collectively "Defendants") assert thirty-three affirmative defenses. Mr. Polo also moves for judgment on the pleadings on each of these affirmative defenses and, in the alternative, asks the Court to strike the affirmative defenses.

The Court shall address additional facts as necessary in its analysis.

## ANALYSIS

**A.  Motion for Judgment on the Pleadings.**

**1.  Applicable Legal Standard.**

Motions for judgment on the pleadings, under Federal Rule of Civil Procedure 12(c), challenge the legal sufficiency of the claims asserted in the complaint. "For purposes of the motion, the allegations of the non-moving party must be accepted as true, while the allegations of the moving party which have been denied are assumed to be false." *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1990). "A motion seeking judgment on the complaint may only be granted if all of the defenses raised in the answer are legally insufficient. ... A plaintiff is not entitled to judgment on the pleadings if the answer raises issues of fact or an affirmative defense which, if proved, would defeat plaintiff's recovery." *Qwest Communications Corp. v. City of Berkeley*, 208 F.R.D. 288, 291 (N.D. Cal.

2002) (citation omitted). Thus, "[j]udgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Hal Roach*, 896 F.2d at 1550.

As a general rule, a district court may not consider any material beyond the pleadings in ruling on a 12(c) motion, but a "court may consider facts that are contained in materials of which the court may take judicial notice." *Heliotrope General, Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 (9th Cir. 1999) (internal quotations and citation omitted). A court may also consider documents attached to the complaint or "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." *In re Silicon Graphics, Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999) (internal quotations and citation omitted).[1]

**2.   The Court Grants the Motion on the Breach of Contract Claim.**

Mr. Polo argues that Ms. Shwiff and SLP admit facts that establish the essential elements of this claim and fail to show that an affirmative defense would preclude liability. In order to establish this claim, Mr. Polo must allege: (1) a valid contract exists; (2) his performance or excuse for nonperformance; (3) breach; and (4) damages caused by the breach. *See Oasis Realty, LLC v. Goldman*, 51 Cal. 4thg 811, 821 (2011) (citing *Reichert v. General Ins. Co.*, 68 Cal. 2d 822, 830 (1968)). Neither Ms. Shwiff nor SLP have argued that the Partnership Agreement is invalid. At the hearing on this motion, Ms. Shwiff and SLP confirmed they have not paid Mr. Polo for his partnership interest.

Ms. Shwiff and SLP raise two primary arguments in support of their opposition to Mr. Polo's motion for judgment on the pleadings. In their brief, they argue that compliance with Paragraph 5.09 is a condition precedent with which Mr. Polo failed to comply when he obtained his appraisal. (*See* Opp. Br. at 5:9-13; *see also* Answer, 27th Affirmative Defense ("Any claims

---

[1] Mr. Polo submitted a declaration and a request for judicial notice, which attach documents filed in this case and in two state court proceedings. The Court has not considered the documents attached to the request for judicial notice, because those documents were not necessary to resolve this motion. The Court has considered the court records attached to the Declaration of Maureen Green because those are matters as to which the Court can take judicial notice, but it has considered those documents solely for purposes of determining whether leave to amend should be granted.

4

based on failure to perform under the terms of any alleged oral or written contract are barred due to Plaintiff's failure to fulfill contractual conditions precedent.").) At the hearing, Ms. Shwiff and SLP also argued that Mr. Polo did not obtain an appraisal from an "independent business appraiser," in compliance with Paragraph 5.08.

"In pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed." Fed. R. Civ. P. 9(c). Mr. Polo alleged he obtained an appraisal, and he incorporated the Partnership Agreement by reference. Thus, he sufficiently alleged he performed his obligations. When a party denies "that a condition precedent has occurred or been performed, a party must do so with particularity." (*Id.*) Ms. Shwiff and SLP did not identify with particularity which conditions precedent were at issue and, thus, fail to meet the pleading standards of Rule 9(c).

The Court now turns to the alternative defenses on which Ms. Shwiff and SLP rely to defeat the breach of contract claim: unclean hands, lack of standing, contractual bar, failure to meet contractual obligations. (*See* Answer, Fifth, Seventh, Thirteenth and Eighteenth Affirmative Defenses.) Contrary to Mr. Polo's argument, under California law, unclean hands is a defense "is available in legal as well as equitable actions." *Kendall Jackson Winery, Ltd. v. Superior Court*, 76 Cal. App. 4th 970, 978 (1999). Thus, this affirmative defense, if proved, could bar Mr. Polo's claim. However, for reasons discussed below, the Court finds that Defendants have not adequately alleged an unclean hands defense. *See, e.g., Perez v. Gordon & Wong Law Group P.C.*, 2012 WL 1029425, at *10 (N.D. Cal. Mar. 26, 2012). Further, lack of standing is not a true "affirmative defense," because Mr. Polo bears the burden of proof on that issue. He has alleged facts that show he has standing to pursue these claims, and Defendants fail to rebut those facts in their Answer. With respect to the affirmative defenses of contractual bar and failure to meet contractual obligations, for the reasons discussed below, Defendants fail to adequately allege those defenses as well.

Accordingly, the Court GRANTS Mr. Polo's motion for judgment on the pleadings on the breach of contract claim.

//

**B.  Motion to Strike.**

**1.  Applicable Legal Standard.**

Federal Rule of Civil Procedure 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 974 F.2d 1524, 1527 (9th Cir. 1993) (internal quotations and citations omitted), *rev'd on other grounds by Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994). "Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Id.* (internal quotations and citations omitted). In order to show that a defense is insufficient, "the moving party must demonstrate that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed." *Securities & Exchange Comm'n v. Sands,* 902 F. Supp. 1149, 1165 (C.D. Cal. 1995).

Motions to strike are regarded with disfavor because they are often used as delaying tactics and because of the limited importance of pleadings in federal practice. *California Dep't of Toxic Substance Control v. Alco Pacific, Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002). Ultimately, the decision about whether to strike allegations is a matter within the Court's discretion. *Id*. In addition, in the absence of prejudice to the opposing party, courts should freely grant leave to amend. *Barnes v. AT &T Pension Benefit Plan*, 718 F. Supp. 2d 1167, 1170 (N.D. Cal. 2010) (citing *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 826 (9th Cir. 1979))

**2.  The Court Strikes the Affirmative Defenses.**

Mr. Polo moved, in the alternative, to strike each of Defendants' affirmative defenses. Although Mr. Polo's motion to strike is untimely, the Court "may act ... on its own." *See* Fed. R. Civ. P. 12(f)(1)(2). Mr. Polo argues that the Court should apply the pleading standards set forth in *Ashcroft v. Iqbal,* 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) to determine whether a defendant has provided fair notice of an affirmative defense. Mr. Polo argues that if the Court applies *Twombly* and *Iqbal*, it must conclude that Defendants fail to adequately plead their affirmative defenses.

6

Neither the Supreme Court nor the Ninth Circuit have addressed this question, and district courts are split on the issue. *Compare, e.g., Roe v. City of San Diego*, __F.R.D. __, 2013 WL 811796, at *2-*3 (S.D. Cal. Mar. 5, 2013) (declining to apply *Twombly* and *Iqbal*) *with, e.g., Barnes*, 718 F. Supp. 2d at 1171-73 (applying *Twombly* and *Iqbal*). This Court previously rejected the argument that the pleading standards set forth in *Twombly* and *Iqbal* apply to affirmative defenses. However, the majority of courts within this District have applied *Twombly* and *Iqbal* to affirmative defenses. *See, e.g., Ansari v. Electronic Document Processing*, 2013 WL 664676, at *2 (N.D. Cal. Feb. 22, 2013); *Powertech Technology, Inc., v. Tessera, Inc.*, 2012 WL 1746858, at *3-*5 (N.D. Cal. May 16, 2012); *Perez*, 2012 WL 1029425, at *6-*8 (citing cases); *Barnes*, 718 F. Supp. 2d at 1171-1172.

As many of those courts have noted, applying the standards enunciated in *Twombly* and *Iqbal* will "serve to weed out the boilerplate listing of affirmative defenses which is commonplace in most defendants' pleadings where many of the claims are irrelevant to the claims asserted." *Barnes*, 718 F. Supp. 2d at 1172. Further, although a defendant may have less time to answer a complaint than a plaintiff has draft one, the Ninth Circuit has "liberalized the requirement that affirmative defenses be raised in an initial pleading." *Rivera v. Anaya*, 726 F.2d 564, 566 (9th Cir. 1984). After careful consideration, the Court has been persuaded by the reasoning of those courts that apply *Twombly* and *Iqbal* to affirmative defenses, and it shall evaluate the sufficiency of Defendants' affirmative defenses under that standard.

"Affirmative defenses plead matters extraneous to the plaintiff's prima facie case, which deny plaintiff's right to recover, even if the allegations of the complaint are true." *FDIC v. KMG Main Hurdman*, 655 F. Supp. 259, 262 (E.D. Cal. 1987) (citing *Gomez v Toledo*, 446 U.S. 635, 640-41 (1980)). To the extent Defendants' affirmative defenses are "true" affirmative defenses, they are no more than bare legal conclusions, which do not "point to the existence of some identifiable fact that if applicable to [Mr. Polo] would make the affirmative defense plausible on its face." *Barnes*, 718 F. Supp. 2d at 1172; *see also Perez*, 2012 WL 1029425, at *8 (noting that an affirmative defenses need not include "extensive factual allegations" but "bare statements reciting mere legal conclusions may not be sufficient"). By way of example

7

only, as noted above, Defendants have not included any factual conduct on Mr. Polo's part that would demonstrate the basis for an unclean hands defense. *See Perez*, 2012 WL 1029425, at *8. The same is true for Defendants' thirtieth affirmative defense of unconscionability. Defendants' thirty-second affirmative defense is not an affirmative defense at all. Rather, it is a statement that they reserve the right to assert additional affirmative defenses as this case progresses.

Accordingly, the Court STRIKES each of the affirmative defenses.

**C.  The Court Shall Grant Defendants Leave to Amend.**

In general, if a court grants a motion for judgment on the pleadings or strikes affirmative defenses, leave to amend should be freely given, unless it would be futile, is a result of bad faith or undue delay, or if the opposing party would suffer prejudice. *In re Dyanamic Random Access Memory (DRAM) Antitrust Litig.*, 516 F. Supp. 2d 1072, 1084 (N.D. Cal. 2007) (motion for judgment on the pleadings); *Barnes*, 718 F. Supp. 2d at 1170 (motion to strike). However, once a court has entered a scheduling order, under Rule 16, the order can be modified only for good cause. Fed. R. Civ. P. 16(b)(4). Under that rule, a court's inquiry focuses on a party's diligence. *See, e.g., Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). If the party seeking modification to a scheduling order was not diligent, "the inquiry should end." *Id.*

In this case, the Court held an initial case management conference, and it ordered the parties to file any amended pleadings by February 22, 2013. Defendants did not file an amended answer by that date. In response to the Court's inquiry, the Defendants argue that good cause for a modification exists, because until Mr. Polo filed this motion, they were not on notice on what the alleged deficiencies were. However, in the parties' joint case management statement, Mr. Polo stated that he was "unaware of the specific nature of defendants' legal defenses to his claims...." (Docket No. 21 (Joint Case Management Statement at 4:4-6).) In that document, Defendants also specifically stated their intention to amend their answer. (*Id.* at 4:20-21.)

8

The Court cannot say that Defendants acted diligently. Although in general, this should end the inquiry, Defendants did state in the Joint Case Management Statement that they believed Mr. Polo's valuations were inaccurate, had no basis in fact and were over-estimates. Defendants also stated that Mr. Polo allegedly looted customer bases. Based on those statements, Mr. Polo had some notice of the facts on which Defendants will rely to challenge his claims. The Court cannot say he would be unduly prejudiced by allowing Defendants leave to amend where, as here, the deadline to complete fact discovery is December 20, 2013. Therefore, given the strong policy of resolving disputes on their merits, the Court shall provide Defendants with one final opportunity to file an amended answer.

Defendants shall file an amended answer by no later than May 13, 2013. The Court shall not extend that deadline. Defendants are admonished that they should be careful to include affirmative defenses that clearly relate to the claims asserted by Mr. Polo and that would comply with Defendants' obligations under Federal Rule of Civil Procedure 11.

**D.      Order to Defendants to Show Cause.**

Although the Court has granted Defendants leave to amend, Defendants have not adequately explained their failure to comply with the Court's scheduling order. Accordingly, Defendants are HEREBY ORDERED TO SHOW CAUSE why the Court should not impose sanctions by requiring Defendants to pay for the costs associated with litigating this motion. *See* Fed. R. Civ. P. 16(f).

**IT IS SO ORDERED.**

Dated: April 29, 2013

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

9